**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

KIMBERLY WALLS,
        Appellant,

     v.

DEPARTMENT OF VETERANS
  AFFAIRS,
        Agency.

DOCKET NUMBER
PH-0714-17-0444-I-1

DATE: January 23, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Christopher H. Bonk</u>, Esquire, and <u>Kevin L. Owen</u>, Esquire, Silver Spring, Maryland, for the appellant.

<u>Stephen Butera</u>, Esquire, and <u>Tera Sheppard</u>, Clarksburg, West Virginia, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**FINAL ORDER**

¶1     The agency has filed a petition for review of the initial decision, which reversed the appellant's performance-based removal, an action taken under

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

38 U.S.C. § 714. Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).   After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review.  Except as expressly MODIFIED regarding the retroactive application of the Department of Veterans Affairs Accountability and Whistleblower Protection Act of 2017, Pub. L. No. 115-41, 131 Stat. 862 (VA Accountability Act) (codified in relevant part, as amended, at 38 U.S.C. § 714), and to clarify the applicable standard for analyzing the appellant's affirmative defense of retaliation for equal employment opportunity (EEO) activity, we AFFIRM the initial decision.

## BACKGROUND

¶2      The appellant was a GS-05 File Clerk (Scanner) for the agency.  Initial Appeal File (IAF), Tab 7 at 32-33.  Her duties included scanning medical documentation into electronic health records.  *Id.* at 33.  One of the critical elements in her performance plan was Data Capture/Productivity/Accuracy.  *Id.* The performance standards for this element required a scanning accuracy rate of 95%.  *Id.*  On February 14, 2017, the appellant was notified that her performance in this critical element was unacceptable because her scanning accuracy rate was less than 95%.  *Id.* at 39-40.  As a result, the appellant's supervisor placed her on

a 90-day performance improvement plan (PIP), scheduled to run from February 15 to May 15, 2017. *Id.*

¶3 However, on February 18, 2017, the appellant began an extended leave of absence for medical reasons, and she did not return to duty until June 22, 2017. IAF, Tab 46, Hearing Compact Disc, Day 2 (testimony of the appellant). During this period of absence, on May 4, 2017, the appellant filed a formal EEO complaint with the agency, alleging that she was subjected to a hostile work environment based on race and disability. IAF, Tab 7 at 173-75.

¶4 Because she had been absent for nearly the entire PIP, on June 26, 2017, the agency notified the appellant that it would continue her PIP for an additional 90 days, i.e., until September 26, 2017. IAF, Tab 7 at 47-48, Tab 45, Hearing Compact Disc, Day 1 (testimony of the appellant's supervisor). On August 21, 2017, the agency issued a notice proposing to remove the appellant for unsatisfactory performance under 38 U.S.C. § 714. IAF, Tab 7 at 65-66. In support of the charge, the agency alleged that, although the appellant had received additional training and supervision during the PIP to improve her scanning accuracy, her overall scanning accuracy rate remained below 95%. *Id.* at 65.

¶5 After the appellant replied to the proposal orally and in writing, *id.* at 68, 72-128, the deciding official issued a decision on September 8, 2017, sustaining the charge and finding removal warranted, *id.* at 68-70. On September 12, 2017, the appellant amended her EEO complaint to include her removal. *Id.* at 177-79. Her removal became effective on September 13, 2017. *Id.* at 63.

¶6 On September 21, 2017, the appellant filed a Board appeal, contesting the merits of her removal and raising several affirmative defenses, including a claim of retaliation for EEO activity. IAF, Tab 1 at 4, 6, Tab 42 at 8-14. After a hearing, the administrative judge issued an initial decision reversing the agency's action. IAF, Tab 47, Initial Decision (ID). Finding that the VA Accountability Act could not be applied to events that occurred prior to its June 23, 2017

enactment, the administrative judge considered only the appellant's performance from that date forward in deciding whether the agency proved its charge. ID at 21-24. The administrative judge found that the appellant's overall scanning accuracy from June 23, 2017, onward exceeded the 95% minimum threshold, and thus, her performance was not unsatisfactory as charged. ID at 24-28. Although he reversed the removal on that basis, the administrative judge went on to find that the appellant failed to prove her affirmative defense of reprisal for EEO activity. ID at 28-33.

¶7        The agency has filed a petition for review, arguing that the administrative judge erred in finding that the VA Accountability Act would have impermissible retroactive effect if applied to events predating its enactment. Petition for Review (PFR) File, Tab 1 at 6-7, 9-21. The agency further argues that the administrative judge should have dismissed the appeal as premature because the appellant previously elected to challenge her removal through the EEO process. *Id*. at 7-8, 21-23. The appellant has filed a response. PFR File, Tab 3.

**ANALYSIS**

The administrative judge did not abuse his discretion in declining to dismiss the appeal as prematurely filed.

¶8        Under 5 U.S.C. § 7702(a)(1)-(2), an employee who has been affected by an action that is appealable to the Board and who alleges that a basis for the action was discrimination may initiate review of the action by either filing a formal EEO complaint with his employing agency or filing an appeal with the Board, but not both. *Mc Kinney v. Defense Commissary Agency*, 93 M.S.P.R. 659, ¶ 6 (2003). Whichever is filed first is deemed to be an election to proceed in that forum. *Cloutier v. U.S. Postal Service*, 89 M.S.P.R. 411, ¶ 5 (2001); 29 C.F.R. § 1614.302(b). When an appellant files a timely formal complaint of discrimination prior to appealing to the Board, the right to appeal to the Board does not vest until either the agency issues a final decision on the discrimination complaint or 120 days elapse from the date the discrimination complaint is filed

with the agency. *Price v. Department of Veterans Affairs*, 105 M.S.P.R. 126, ¶ 9 (2007); 5 C.F.R. § 1201.154(b). When an appellant files an appeal prematurely under 5 C.F.R. § 1201.154, the administrative judge will normally dismiss the appeal without prejudice to refiling. 5 C.F.R. § 1201.154(c). However, "[i]f holding the appeal for a short time would allow it to become timely, the judge may hold the appeal rather than dismiss it." *Id*. An administrative judge has broad discretion in deciding whether to dismiss an appeal as premature. *Baker v. U.S. Postal Service*, 86 M.S.P.R. 349, ¶ 10 (2000).

¶9        In this case, the administrative judge decided to proceed with adjudication rather than dismiss the appeal without prejudice out of concern for certain deadlines in the law. Specifically, he found that the VA Accountability Act provides a 10-day statutory deadline for filing a Board appeal and makes no exception that would allow an appellant to first exhaust EEO proceedings. IAF, Tab 14 at 3; *see* 38 U.S.C. § 714(c)(4)(B). He further found that the VA Accountability Act provides a 180-day deadline for an administrative judge to issue "a final and complete decision" in the appeal, and that this deadline likewise provides no exception related to agency processing of an EEO complaint. IAF, Tab 14 at 3; *see* 38 U.S.C. § 714(d)(1). In order to protect the appellant's right to appeal her removal to the Board, the administrative judge decided to proceed with adjudication rather than wait for the EEO process to be exhausted. IAF, Tab 14 at 3-4. Although the Board has subsequently interpreted the statutory scheme differently, *Wilson v. Department of Veterans Affairs*, 2022 MSPB 7, ¶¶ 15-24, in light of the uncertainty of the law at the time, we find that the administrative judge did not abuse his discretion in declining to dismiss the appeal.

¶10       Moreover, even if the administrative judge had abused his discretion in declining to dismiss the appeal without prejudice, we find that his ruling did not prejudice the agency's substantive rights. *See Karapinka v. Department of Energy*, 6 M.S.P.R. 124, 127 (1981) (finding that an administrative judge's procedural error is of no legal consequence unless it is shown to have adversely

affected a party's substantive rights). Because the appellant amended her EEO complaint to include her removal on September 11, 2017, the 120-day period expired approximately January 10, 2018, more than 2 months before the administrative judge issued the initial decision in this appeal. IAF, Tab 7 at 177; ID at 1. It is the Board's practice to adjudicate an appeal that was premature when it was filed but becomes ripe for adjudication while pending with the Board. *See, e.g.*, *Summerset v. Department of the Navy*, 100 M.S.P.R. 292, ¶ 9 (2005). Given these circumstances, we find that, even assuming that the administrative judge should have dismissed the appeal as premature when the agency initially asked him to do so, any such error would provide no reason to disturb the initial decision.

The administrative judge properly found that the agency failed to prove its charge.

¶11    As explained above, the administrative judge found that the agency was not permitted to remove the appellant under the VA Accountability Act based on performance deficiencies that preceded its June 23, 2017 enactment. ID at 21-24. Therefore, he restricted his analysis to alleged performance deficiencies occurring after that date. ID at 23-26. On petition for review, the agency argues that the administrative judge should have considered the appellant's performance during the entire time period at issue because the VA Accountability Act would not have impermissible retroactive effect as applied to events predating its enactment. PFR File, Tab 1 at 6-7, 9-21. However, we find that this issue has been settled by a development in the case law during the pendency of the petition for review. Specifically, on March 31, 2020, the U.S. Court of Appeals for the Federal Circuit issued *Sayers v. Department of Veterans Affairs*, 954 F.3d 1370, 1380-82 (Fed. Cir. 2020), finding that 38 U.S.C. § 714 has impermissible retroactive effect, and Congress did not authorize its retroactive application. Therefore, the administrative judge was correct in finding that the agency may not use the VA Accountability Act to discipline the appellant for her performance prior to

June 23, 2017. The agency does not dispute the administrative judge's finding that the appellant's performance after that date was satisfactory, and the record supports his finding that the appellant's performance during this period exceeded the 95% accuracy standard specified in the notice of proposed removal. ID at 24-26; IAF, Tab 7 at 53-54, 65, Tab 40 at 83-87. For these reasons, we agree with the administrative judge that the agency failed to prove its charge by substantial evidence.[2]

<u>The administrative judge correctly found that the appellant failed to prove her affirmative defense.</u>

¶12    The appellant argued below that her removal was in retaliation for prior EEO activity. IAF, Tab 34 at 6. The administrative judge found that the appellant failed to prove this claim because, although she had engaged in EEO activity, she failed to show that her EEO activity was a motivating factor in her removal. ID at 31-33. The appellant has not challenged this finding on review. *See* 5 C.F.R. § 1201.115 ("The Board normally will consider only issues raised in a timely filed petition or cross-petition for review."). Although we see no basis to disturb the administrative judge's ultimate conclusion, we find it appropriate to clarify the standard.

---

[2] Even if the appellant's performance after June 23, 2017, were unsatisfactory, there would still be a question as to whether the charge, as written, could be sustained. In *Wilson*, 2022 MSPB 7, ¶¶ 4, 26-32, the Board declined to sustain a "Neglect of Duty" charge based on events occurring both before and after the VA Accountability Act's June 23, 2017 enactment. The Board found that, because the charge did not distinguish between conduct that predated and postdated the enactment, and the charged events were "so factually interrelated that they cannot be fairly separated," the charge as a whole could not be sustained. *Id*., ¶¶ 31-32 (quoting *Boss v. Department of Homeland Security*, 908 F.3d 1278, 1282-83 (Fed. Cir. 2018)). The instant appeal appears to present similar circumstances because the charge does not differentiate between the appellant's performance predating and postdating the VA Accountability Act enactment date, and is based on a continuum of factually-interrelated events. Nevertheless, because the agency is unable to prove its charge even considering the appellant's post-June 23, 2017 performance, we do not reach the issue of whether, under *Wilson*, the charge should be reversed on this alternative basis.

¶13    In explaining the analytical framework, the administrative judge conflated the standards set forth in *Savage v. Department of the Army*, 122 M.S.P.R. 612, ¶ 51 (2015), and *Warren v. Department of the Army*, 804 F.2d 654, 656-58 (Fed. Cir. 1986).  ID at 29-30.  To be clear, the standard set forth in *Savage* applies to EEO retaliation claims under 5 U.S.C. § 2302(b)(1), whereas the standard set forth in *Warren* is restricted to non-EEO retaliation claims under 5 U.S.C. § 2302(b)(9)(A)(ii).  *See Mattison v. Department of Veterans Affairs*, 123 M.S.P.R. 492, ¶ 8 (2016).  Therefore, the *Warren* standard is inapplicable to the instant appeal.

¶14    Further, the administrative judge failed to recognize that in *Gardner v. Department of Veterans Affairs*, 123 M.S.P.R. 647 (2016), the Board clarified its prior holding in *Savage*, 122 M.S.PR. 612, ¶¶ 42-43, 51.  In particular, the Board clarified that it would consider evidence of retaliatory motive as a whole, rather than as "direct" or "indirect" evidence and that, as already explained in *Savage*, an appellant was not required to prove a "convincing mosaic" of retaliation.  *Gardner*, 123 M.S.P.R. 647, ¶¶ 28-31.  The administrative judge used the terms "direct and indirect evidence" and "convincing mosaic."  ID at 28-29.

¶15    Nevertheless, reading the substance of the administrative judge's analysis, we find that he evaluated the appellant's claim properly under the *Savage*/*Gardner* standard, and appropriately considered all the evidence as a whole in concluding that she failed to show that her EEO activity was a motivating factor in her removal.  ID at 29-33.  Thus, the administrative judge's error in setting forth the analytical framework did not prejudice the appellant's substantive rights and provides no basis to disturb the initial decision.[3]  *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984).

---

[3] The administrative judge found that the appellant did not prove that her EEO activity was a motivating factor in the agency's decision to remove her.  ID at 31-33.  Because we discern no error with the administrative judge's motivating factor analysis or conclusion regarding this claim, we do not reach the question of whether retaliation was

**ORDER**

¶16  We ORDER the agency to cancel the removal action and restore the appellant effective September 13, 2017.  *See Kerr v. National Endowment for the Arts*, [726 F.2d 730](#) (Fed. Cir. 1984).  The agency must complete this action no later than 20 days after the date of this decision.

¶17  We also ORDER the agency to pay the appellant the correct amount of back pay, interest on back pay, and other benefits under the Back Pay Act and/or Postal Service regulations, as appropriate, no later than 60 calendar days after the date of this decision.  We ORDER the appellant to cooperate in good faith in the agency's efforts to calculate the amount of back pay, interest, and benefits due, and to provide all necessary information the agency requests to help it carry out the Board's Order.  If there is a dispute about the amount of back pay, interest due, and/or other benefits, we ORDER the agency to pay the appellant the undisputed amount no later than 60 calendar days after the date of this decision.

¶18  We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order.  The appellant, if not notified, should ask the agency about its progress.  *See* [5 C.F.R. § 1201.181](#)(b).

¶19  No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that the agency did not fully carry out the Board's Order.  The petition should contain specific reasons why the appellant believes that the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency.  [5 C.F.R. § 1201.182](#)(a).

¶20  For agencies whose payroll is administered by either the National Finance Center of the Department of Agriculture (NFC) or the Defense Finance and

---

a "but-for" cause of the removal action.  *See Pridgen v. Office of Management & Budget*, [2022 MSPB 31](#), ¶¶ 20-22, 29-33.

Accounting Service (DFAS), two lists of the information and documentation necessary to process payments and adjustments resulting from a Board decision are attached. The agency is ORDERED to timely provide DFAS or NFC with all documentation necessary to process payments and adjustments resulting from the Board's decision in accordance with the attached lists so that payment can be made within the 60-day period set forth above.

### NOTICE TO THE APPELLANT REGARDING YOUR RIGHT TO REQUEST ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set forth at title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees and costs WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion for attorney fees and costs with the office that issued the initial decision on your appeal.

### NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule

---

[4] Since the issuance of the initial decision in this matter, the Board has updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. \_\_\_\_ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under <u>5 U.S.C. § 2302</u>(b)(8) or other protected activities listed in <u>5 U.S.C. § 2302</u>(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for

---

[5]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

> http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:          /s/ for

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.



**DEFENSE FINANCE AND ACCOUNTING SERVICE**
**Civilian Pay Operations**

# DFAS BACK PAY CHECKLIST

The following documentation is required by DFAS Civilian Pay to compute and pay back pay pursuant to 5 CFR § 550.805. Human resources/local payroll offices should use the following checklist to ensure a request for payment of back pay is complete. Missing documentation may substantially delay the processing of a back pay award. **More information may be found at: https://wss.apan.org/public/DFASPayroll/Back%20Pay%20Process/Forms/AllItems.aspx.**

**NOTE: Attorneys' fees or other non-wage payments (such as damages) are paid by vendor pay, not DFAS Civilian Pay.**

☐ 1) Submit a **"SETTLEMENT INQUIRY - Submission"** Remedy Ticket. Please identify the specific dates of the back pay period within the ticket comments.

Attach the following documentation to the Remedy Ticket, or provide a statement in the ticket comments as to why the documentation is not applicable:

☐ 2) Settlement agreement, administrative determination, arbitrator award, or order.

☐ 3) Signed and completed "Employee Statement Relative to Back Pay".

☐ 4) All required SF50s (new, corrected, or canceled). **\*\*\*Do not process online SF50s until notified to do so by DFAS Civilian Pay.\*\*\***

☐ 5) Certified timecards/corrected timecards. **\*\*\*Do not process online timecards until notified to do so by DFAS Civilian Pay.\*\*\***

☐ 6) All relevant benefit election forms (e.g. TSP, FEHB, etc.).

☐ 7) Outside earnings documentation. Include record of all amounts earned by the employee in a job undertaken during the back pay period to replace federal employment. Documentation includes W-2 or 1099 statements, payroll documents/records, etc. Also, include record of any unemployment earning statements, workers' compensation, CSRS/FERS retirement annuity payments, refunds of CSRS/FERS employee premiums, or severance pay received by the employee upon separation.

**Lump Sum Leave Payment Debts:** When a separation is later reversed, there is no authority under 5 U.S.C. § 5551 for the reinstated employee to keep the lump sum annual leave payment they may have received. The payroll office must collect the debt from the back pay award. The annual leave will be restored to the employee. Annual leave that exceeds the annual leave ceiling will be restored to a separate leave account pursuant to 5 CFR § 550.805(g).



**NATIONAL FINANCE CENTER CHECKLIST FOR BACK PAY CASES**

Below is the information/documentation required by National Finance Center to process payments/adjustments agreed on in Back Pay Cases (settlements, restorations) or as ordered by the Merit Systems Protection Board, EEOC, and courts.

1. Initiate and submit AD-343 (Payroll/Action Request) with clear and concise information describing what to do in accordance with decision.

2. The following information must be included on AD-343 for Restoration:

    a. Employee name and social security number.
    b. Detailed explanation of request.
    c. Valid agency accounting.
    d. Authorized signature (Table 63)
    e. If interest is to be included.
    f. Check mailing address.
    g. Indicate if case is prior to conversion. Computations must be attached.
    h. Indicate the amount of Severance and Lump Sum Annual Leave Payment to be collected. (if applicable)

## Attachments to AD-343

1. Provide pay entitlement to include Overtime, Night Differential, Shift Premium, Sunday Premium, etc. with number of hours and dates for each entitlement. (if applicable)

2. Copies of SF-50's (Personnel Actions) or list of salary adjustments/changes and amounts.

3. Outside earnings documentation statement from agency.

4. If employee received retirement annuity or unemployment, provide amount and address to return monies.

5. Provide forms for FEGLI, FEHBA, or TSP deductions. (if applicable)

6. If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.

7. If employee retires at end of Restoration Period, provide hours of Lump Sum Annual Leave to be paid.

NOTE: If prior to conversion, agency must attach Computation Worksheet by Pay Period and required data in 1-7 above.

The following information must be included on AD-343 for Settlement Cases: (Lump Sum Payment, Correction to Promotion, Wage Grade Increase, FLSA, etc.)

    a. Must provide same data as in 2, a-g above.
    b. Prior to conversion computation must be provided.
    c. Lump Sum amount of Settlement, and if taxable or non-taxable.

If you have any questions or require clarification on the above, please contact NFC's Payroll/Personnel Operations at 504-255-4630.